JASMINE DICKERSON,

             Plaintiff,

                                                    Case No. 19-cv-841-pp

      v.

BULLDOG REPOSSESSION SERVICES, LLC,

             Defendant.

---

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR LEAVE TO FILE PARTIAL MOTION TO DISMISS (DKT. NO. 19) AND ORDERING DEFENDANT TO FILE MOTION FOR JUDGMENT ON THE; DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DKT. NO. 21); GRANTING PLAINTIFF'S MOTION FOR MORE DEFINITE STATEMENT (DKT. NO. 25) AND ORDERING DEFENDANT TO FILE AMENDED COUNTERCLAIM; AND DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT (DKT. NO. 29)**

---

      The plaintiff filed her complaint on June 6, 2019, alleging that that Bulldog Towing and Recovery, LLC violated the Fair Debt Collection Practices Act and the Wisconsin Consumer Act, and that it was a state actor, depriving her of her property without due process. Dkt. No. 1. She amended the complaint days later, replacing the original defendant with the current defendant, Bulldog Repossession Services, LLC. Dkt. No. 6. The defendant answered the amended complaint through Attorney Brian Baird at Borgelt, Powell, Peterson & Frauen. Dkt. No. 9.

      On August 19, 2019, Attorney John J. Reid of the firm of Cassiday Schade LLP substituted in as counsel for the defendant. Dkt. No. 13. A month later, the parties filed their Rule 26(f) report, dkt. no. 15, and the court entered a scheduling order on September 17, 2019, dkt. no. 16. The parties proposed,

and the court adopted, a "dispositive motion" deadline of May 22, 2020. Dkt. Nos. 15 at 3; 16.

## I. Motion for Leave to File Motion to Dismiss (Dkt. No. 19)

A month later, the defendant filed an expedited, non-dispositive motion for leave to file a partial motion to dismiss. Dkt. No. 19. The motion indicated that Attorney Reid believes that the defendant should have filed a motion to dismiss the due process claim but didn't have the opportunity to do so because Reid was hired after the answer was filed. Id. at 1. The motion says that the defendant "desires to withdraw the portions of its Answer relating to Plaintiff's allegations found in paragraphs 40–44 [of the amended complaint] and file a Motion to Dismiss those claims." Id.

The plaintiff objected, arguing that the defendant had tried to disguise a motion to amend its answer as a partial motion to dismiss. Dkt. No. 20 at 2. The plaintiff argued that the defendant should have filed a motion under Fed. R. Civ. P. 15 for leave to amend the answer and should have attached a proposed amended answer as required by Civil L.R. 15(b) (E.D. Wis.). Id. The plaintiff also argued that the defendant had not alleged facts in support of its request to amend. Id. at 2-3.

The defendant's motion seeks two forms of relief. First, it seeks permission to file a motion to dismiss. Fed. R. Civ. P. 12(b) allows parties to file certain defense—such as the defense that a complaint fails to state a claim for which relief may be granted—by motion, but the party must make the motion "before pleading if a responsive pleading is allowed." But failure to file a Rule 12(b)(6) motion prior to the deadline for answering does not constitute waiver; Rule 12(h)(2) allows a party to raise that defense in a motion for judgment on the pleadings or even at trial. The court will allow the defendant to file a motion

2

for partial judgment on the pleadings (a Rule 12(c) motion) regarding the Fourteenth Amendment claim by the deadline the court sets below.

Second, the motion indicates that the defendant wishes to withdraw the parts of its answer that relate to the Fourteenth Amendment claim. The plaintiff argues that this is tantamount a request to amend the answer, and argues that the court must deny the request because the defendant did not (a) seek leave to amend the answer and (b) file a proposed amended answer as required by Civil L.R. 15. The court doesn't understand why the defendant believes it needs to "withdraw" the portion of its answer that relates to the Fourteenth Amendment claim. Paragraphs 40-44 do nothing more than *deny* the plaintiff's Fourteenth Amendment claims. That denial doesn't preclude a motion that the complaint doesn't state a claim for which relief may be granted.

## II. Plaintiff's Expedited Motion to Compel Discovery (Dkt. No. 21)

It hasn't taken the parties long to decide they don't like each other. On October 21, 2019—six months before the discovery deadline—the plaintiff filed a motion to compel the defendant to produce certain discovery Dkt. No. 21. The defendant asked the court to *strike* the plaintiff's motion (seems like a grant or denial would do), as well as noting that the defendant was waiting on this court to enter a protective order before providing certain materials (and this court was quite dilatory in signing that protective order). Dkt. No. 26. The defendant also opines that it ought not be required to provide its policies and procedures, because the complaint doesn't allege a violation of those policies or procedures. Id. at 2-4.

The court will deny the motion without prejudice. The court issued the protective order on November 2, 2019, dkt. no. 27; it apologizes to the parties for taking almost a month to do so. The court presumes that the defendant

now has provided additional documents to the plaintiff. The plaintiff may file another motion to compel if she did not receive all the documents she requested. To that end, while the court is not granting the motion to compel *at this time*, the court disagrees with the defendant that its policies and procedures are not relevant to the plaintiff's claims. True, the plaintiff's claims don't sound in violations of policies or procedures, but a party's failure to follow its own policies or procedures may constitute evidence that a party willfully violated a statute or a constitutional provision. The court anticipates that the plaintiff will not need to renew its motion regarding the defendant's policies and procedures.

### III. Plaintiff's Expedited Motion for Leave for a More Definite Statement (Dkt. No. 25)

The defendant filed a counterclaim on October 25, 2019, alleging that the plaintiff's boyfriend was her agent, and that he damaged the defendant's property in violation of Wisconsin law and that he was negligent. Dkt. No. 23. Four days later, the plaintiff filed this motion, alleging that the counterclaim is vague, ambiguous, doesn't state sufficient facts and doesn't contain a statement of the court's jurisdiction as required by Fed. R. Civ. P. 8(a)(1). Dkt. No. 25. The plaintiff asks the court to enter an order "compelling Defendant to provide a more definite statement regarding the facts allegedly supporting its counterclaim, and the basis for subject-matter jurisdiction." Id. at 3-4.

Under Civil L.R. 7(h)—the motion under which the plaintiff requested the more definite statement—the non-moving party has seven days to oppose. That means that if the defendant wanted to oppose the motion, it needed to do so by November 5, 2019. The defendant didn't respond by that deadline—it hasn't responded at all. On November 8, 2019, in a procedure borrowed from bankruptcy court practice, the plaintiff filed a "declaration of no object," dkt.

no. 28, advising the court of this fact. Because the defendant didn't object, and because the court agrees that the counterclaim is short on facts and completely missing a statement of the basis for subject-matter jurisdiction, the court will grant the plaintiff's motion and will order the defendant to file an amended counterclaim that provides more facts and states the basis for the court's jurisdiction.

## IV. Defendant's Expedited Motion for Leave to File Third-Party Complaint (Dkt. No. 29)

The defendant wants to file a "third party complaint" against the plaintiff's boyfriend, whom the defendant believes to be "Anthony Turnage." Dkt. No. 29. It asserts that it has claims against Turnage and that Turnage is a "necessary party to this litigation;" it also asserts that the plaintiff won't be prejudiced by the filing of a third-party complaint. Id. at 2.

Unsurprisingly, the plaintiff objects. Dkt. No. 31. She alleges that it's too late for the defendant to file the complaint, that the defendant hasn't shown cause for failing to timely file the complaint and that the motion doesn't allege how Turnage might be liable to the defendant. Id. at 2-3. The plaintiff asserts that the proposed third-party complaint (which the defendant attached to its motion at dkt. no. 29-1) doesn't state sufficient facts to show liability. Id. at 3-4.

Federal Rule of Civil Procedure 14(a)(1) allows a defendant to sue a non-party who "is or may be liable to it for all or part of the claim against it" within fourteen days after serving the original answer. If the defendant waits longer than fourteen days, it must obtain leave of court to file the complaint. The defendant filed its answer on June 26, 2019—its fourteen days to bring a third-party complaint expired on July 10, 2019. The defendant filed this motion four

months after that deadline expired, which is why the defendant had to seek the court's leave to file the complaint.

The defendant says that it is making the motion because "facts have developed" and "as a result of these developments, Bulldog believes Dickerson's boyfriend is Anthony Turnage." Dkt. No. 29 at 2. The decision to permit a third-party complaint is within the sound discretion of the trial court, based on the timeliness of the motion and reasons for delay." <u>Highlands Ins. Co. v. Lewis Rail Service Co.</u>, 10 F.3d 1247, 1251 (7th Cir. 1993) (citations omitted). The defendant's motion gives no reason for the delay in bringing the third-party complaint. The court can think of some—defense counsel didn't come on board until almost two months after the answer was filed, and the parties have been exchanging discovery (even if that process has been less than collegial), so perhaps facts surfaced during the discovery process. But the defendant doesn't say that. It makes only the cryptic assertion that "facts have developed" and that the "developments" have caused the defendant to "believe" that someone named Anthony Turnage is the plaintiff's boyfriend.

In addition to the fact that the defendant provided no reason for the delay in seeking leave to file the third-party complaint, Rule 14(a)(3) says that the defendant/third-party plaintiff "may assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." Rule 14(a) requires that the third-party defendant's liability to the third-party plaintiff be "derivative" of the plaintiff's claim against the defendant/third-party plaintiff. <u>Hartford Acc. and Indem. Co. v. Sullivan</u>, 846 F.2d 377, 381 (7th Cir. 1988); <u>Federalpha Steel LLC Creditors' Trust v. Federal Pipe & Steel Corp.</u>, 245 F.R.D. 615, 618 (N.D. Ill. 2007) ("Rule 14 . . . allows a defendant/third-party

plaintiff to implead a third-party defendant when the third party defendant's liability to the third-party plaintiff is derivative of the third-party plaintiff's liability to the original defendant."). The plaintiff has sued the defendant for repossessing the plaintiff's vehicle in alleged violation of federal and state law and the Fourteenth Amendment. The defendant has filed a sparse counterclaim which appears to counter that Turnage was the plaintiff's agent and that he might have damaged the defendant's tow truck during the repossession. The court agrees with the plaintiff that it's not clear how claims that Turnage may have damaged the defendant's tow truck are derivative of the plaintiff's claim against the defendant—even if true, how does the fact that Turnage may have damaged the tow truck show that it is he, and not the defendant, who is liable to the plaintiff for the alleged unlawful repossession? The court will deny the motion to file a third-party complaint. The defendant is free to pursue its state-law tort claims in state court, assuming no limitations issues.

## V.     Conclusion

The court **GRANTS IN PART** the defendant's non-dispositive motion for leave to file partial motion to dismiss. Dkt. No. 19.

The court **ORDERS** that the defendant may file a motion for judgment on the pleadings, seeking dismissal of the plaintiff's Fourteenth Amendment claim, by the end of the day on **December 20, 2019**.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to compel discovery. Dkt. No. 21.

The court **GRANTS** the plaintiff's motion for a more definite statement. Dkt. No. 25.

The court **ORDERS** that the defendant must file an amended counterclaim by the end of the day on **December 20, 2019**.

The court **DENIES** the defendant's motion to file a third-party complaint. Dkt. No. 29.

Dated in Milwaukee, Wisconsin this 9th day of December, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**